UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-21203-KING

ALBERTO PEREZ PEREZ,

    Plaintiff,

v.

TRUST SECURITY SERVICES, INC.,
PALMETTO FORD TRUCK SALES, INC., and
JOSE C. LUGONES,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

**THIS MATTER** comes before the Court upon Defendant PALMETTO FORD TRUCK SALES, INC.'s Motion to Dismiss and Incorporated Memorandum of Law (DE 13), filed May 4, 2015.[1]

Plaintiffs' Complaint (DE 1) alleges claims against, *inter alia*, Defendant PALMETTO FORD TRUCK SALES, INC.'s ("Palmetto Ford") for violation of the minimum wage and overtime provisions of the Fair Labor Standards Act (the "FLSA"). According to the Complaint, "Plaintiff worked for [Palmetto Ford] as a security guard from on or about December 20, 2011 through February 24, 2015" and was denied proper compensation under the FLSA. The Complaint further alleges that Palmetto Ford is jointly liable for the FLSA violations because Palmetto Ford: was "responsible for

---

[1] The Court has additionally considered Plaintiff's Response in Opposition (DE 19), filed May 11, 2015, and Defendant's Reply in Support of its Motion to Dismiss (DE 21), filed May 21, 2015.

1

controlling Plaintiffs hours and schedule and determining the amount that Plaintiff and other workers were to be paid" and "had supervisors and/or managers regularly controlling and/or monitoring Plaintiff's hours and schedule." DE 1 at 3, 4. Defendant Palmetto Ford moves to dismiss the FLSA claims against it on the basis that Plaintiff has failed to allege facts that establish Palmetto Ford was Plaintiff's employer.

## LEGAL STANDARD ON MOTION TO DISMISS

Defendant's Motion to Dismiss alleges that the Complaint fails federal pleading standards and should be dismissed, under Rule 12 of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12. Rule 8 requires that a complaint include a "short and plain statement" demonstrating that the claimant is entitled to relief. Fed R. Civ. P. 8. To survive a Rule 12(b)(6) motion, a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). As a corollary, allegations absent supporting facts are not entitled to this presumption of veracity. *Id.* at 681.

When evaluating a motion to dismiss, the Court must take all of the well-pled factual allegations as true. *Id.* at 664. However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 663. And, the Court's duty to accept the factual allegations in the complaint as true does not require it to ignore specific factual details "in favor of general or conclusory allegations."

*Griffin Indus., Inc. v. Irvin,* 496 F.3d 1189, 1205-06 (11th Cir. 2007). The Court must dismiss a complaint that does not present a plausible claim demonstrating entitlement to relief.

## DISCUSSION

Defendant Palmetto Ford moves to dismiss the Complaint on the basis that Plaintiff has failed to allege facts which, if proven, would establish that it is subject to liability as Plaintiff's employer under the FLSA. For the reasons discussed herein, the Court finds that the Motion to Dismiss should be denied.

Pleading requirements under the FLSA are quite straightforward. *Sec'y of Labor v. Labbe,* 319 F. App'x 761 (2008). The FLSA defines the term "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). In the case at bar, Plaintiff alleges Defendant Palmetto Ford controlled and was responsible for determining the Plaintiff's schedule and hours, as well as the amount Plaintiff was to be paid for the relevant time period, and its management regularly controlled and monitored Plaintiff's hours and schedule. These allegations, coupled with the allegation that Plaintiff was denied overtime and/or minimum wages in accordance with the FLSA, sufficiently state a claim for the purposes of withstanding Defendant's Motion to Dismiss. While a determination of Defendant Palmetto Ford's status as an employer is a matter of law to be decided by the Court, resolution of this matter at this stage in the proceedings would be premature.

## CONCLUSION

Accordingly, it is **ORDERED, ADJUDGED,** and **DECREED** that Defendant PALMETTO FORD TRUCK SALES, INC.'s Motion to Dismiss Plaintiff's Complaint **(DE 1)** be, and the same is, hereby **DENIED.** Defendant shall **ANSWER** the Complaint within **ten (10) days** of the date of this Order.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 8th day of June, 2015.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**Cc: All Counsel of Record**